## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| STACY MCDANIEL, | |
| Plaintiff, | Civil Action No. _____ |
| v. | _____ |
| HARBIN CLINIC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff Stacy McDaniel (hereinafter "Plaintiff"), in her Complaint against Defendant Harbin Clinic (hereinafter "Defendant"), showing the Court as follows.

1.

This is an action arising under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12102, *et seq*. ("ADA), the Family & Medical Leave Act of 1993, as amended, 29 U.S.C. 2601, *et seq*. ("FMLA"), and under Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.

## PARTIES

2.

Plaintiff is a resident of the state of Georgia who lives in Kingston, Georgia.

1

Plaintiff is a former employee of Defendant Harbin Clinic who worked cumulatively for Defendant for nearly fourteen (14) years.

3.

Defendant Harbin Clinic, Inc. is the largest privately owned, multi-specialty physician group in Georgia and may be served at its principal place of business located at 221 Technology Parkway, Rome, Georgia 30165.

4.

Defendant has fifteen (15) or more employees and is subject to actions of this kind and nature.

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over Plaintiff's claims, based upon Plaintiff's ADA, FMLA, and ERISA allegations pursuant to 28 U.S.C. §§ 1331 & 1337.

6.

Venue is proper under 28 U.S.C. § 1391(b) & (c), as Defendant does business, and the harms alleged occurred, in this district.

7.

All conditions precedent to the institution of this suit have been fulfilled.

Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice. Plaintiff has also exhausted her administrative remedies with regard to the ERISA claim, and/or further exhaustion would be futile.

## FACTS

8.

Plaintiff worked for Defendant for nearly fourteen (14) cumulative years, initially for ten (10) years and most recently from January 2017 through her termination on September 29, 2020.

9.

On July 8, 2020, Plaintiff went out on a medical leave of absence to care for her daughter.

10.

During this leave of absence, Plaintiff lost the use of her left arm due to a herniated disc in her back. Plaintiff underwent back surgery on August 20, 2020, which was paid for using Defendant's self-funded ERISA health benefits coverage.

11.

Related to this surgery and Plaintiff's serious health condition, Plaintiff

submitted medical certification paperwork from her treating physician to Defendant advising that she would need to be off of work for twelve (12) weeks for her post-operative receovery through November 12, 2020.

12.

With this medical certification paperwork, Plaintiff put Defendant on notice that she needed to use the remainder of her twelve (12) weeks of job-protected leave under the FMLA and that she was seeking an accommodation of a temporary medical leave for the remainder of her post-operative recovery period (through November 12, 2020).

13.

Plaintiff never received any written documentation from Defendant designating and/or approving her medical leave of absence under the FMLA. Defendant never engaged in any discussions or otherwise communicate with Plaintiff concerning the requested reasonable accommodation.

14.

The only communication received by Plaintiff from Defendant was a phone call from HR Director Becky Wiggins advising Plaintiff that her employment had been terminated and letting Plaintiff know that the decision to terminate her employment "was business, not personal." Defendant filed a Separation Notice with

the Georgia Department of Labor advising that it terminated Plaintiff's employment because she had "exhausted family medical leave."  A true and correct copy of the Separation Notice is attached as Exhibit 1.

15.

Two days later—on September 30, 2020—Defendant terminated Plaintiff's health benefits.

## COUNT ONE —AMERICANS WITH DISABILITIES ACT VIOLATION

16.

Plaintiff realleges the above paragraphs 1-15 and herein incorporates them by reference to this count.

17.

Defendant is an employer covered by the Americans with Disabilities Act.

18.

Plaintiff was an employee subject to the protection of the Americans with Disabilities Act.

19.

Defendant's failure to consider Plaintiff's requested accommodation of a several-week extension of her leave of absence following the exhaustion of her FMLA leave and failure to engage in an interactive process with her constitute

violations of the Americans with Disabilities Act.

20.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

## COUNT TWO — FAMILY & MEDICAL LEAVE ACT VIOLATION

21.

Plaintiff realleges the above paragraphs 1-15 and herein incorporates them by reference to this count.

22.

Defendant is an employer covered by the Family & Medical Leave Act.

23.

Plaintiff was an employee eligible for the benefits and protection of the Family & Medical Leave Act.

24.

Defendant's retaliatory actions against Plaintiff (*i.e.*, terminating her employment) because of her protected activity—taking a protected leave of absence—as stated above, constitute violations of the Family & Medical Leave Act.

6

25.

Due to Defendants' unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

**COUNT THREE – ERISA SECTION 510 - TERMINATION**

26.

Plaintiff realleges the above paragraphs 1-15 and herein incorporates them by reference to this count.

27.

ERISA § 510 states "It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan[…]." 29 U.S.C. § 1140

28.

Defendant terminated Plaintiff for "exhaust[ing] her FMLA leave" and terminated her health insurance benefits under Defendant's self-funded ERISA plan two days after she was unlawfully terminated.

7

29.

Defendant terminated Plaintiff from her employment in whole or in part to deny her benefits to which she was entitled to under ERISA.

30.

Defendant's discharge of Plaintiff violated ERISA § 510 inasmuch as Defendant unlawfully discharged Plaintiff in order to prevent her from exercising rights to which she was entitled under ERISA.

31.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to and seeks all available relief, including but not limited to back pay, front pay, prejudgment interest, attorneys' fees/costs, and/or further appropriate equitable relief to be determined at trial, for her wrongful termination under ERISA § 510.

## COUNT FOUR – ATTORNEYS' FEES

32.

Plaintiff realleges the above paragraphs 1-31 and herein incorporates them by reference into this count.

33.

Defendant's violations of ERISA, the ADA and FMLA, have caused Plaintiff to incur litigation costs and attorney's fees to remedy the breaches herein.

34.

This Court should award Plaintiff her reasonable attorneys' fees and the litigation costs and expenses of bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

(a)    A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), for all issues so triable;

(b)    Find that Defendant is liable to Plaintiff for its Americans with Disabilities Act violations, for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

(c)    Find that Defendant is liable to Plaintiff for its Family & Medical Leave Act violations, for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

(d)    Find that Defendant is liable to Plaintiff under ERISA § 510 for unlawful termination, and award all available/appropriate relief thereunder;

(e)    Award Plaintiff reasonable attorneys' fees and costs of litigation; and

(f)     Any and other such relief that this Honorable Court or the Finder of

Fact deems equitable and just.

**JURY TRIAL IS DEMANDED FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted this 28th day of October, 2021.

/s/ Nancy B. Pridgen
Nancy B. Pridgen, Esq.
Georgia Bar No. 587949

PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, Georgia 30075
(404) 551-5884 direct
(678) 812-3654 facsimile
nancy@pridgenbassett.com

*Counsel for Plaintiff*